IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BACHMAN, | ) | CASE NO. 5:05 CV 1735 |
| | ) | |
| Petitioner, | ) | JUDGE DANIEL A. POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JULIUS WILSON, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## I.  Introduction

Before me by referral[1] is the *pro se* petition of Ronald Bachman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Bachman, who previously filed a petition for the writ that was denied as untimely,[3] is currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio.[4]  The petitioner is serving a term of four concurrent life sentences imposed after his 1995 conviction at a jury trial for crimes arising from "twelve years of weekly rape and molestation of his daughter beginning when she was five years old."[5]  He

---

[1] ECF # 5.

[2] ECF # 1.

[3] *Bachman v. Bagley*, No. 5:00-CV-1706 (N.D. Ohio Dec. 15, 2004), *aff'd*, *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007).

[4] ECF # 1 at 1.

[5] *Bachman*, 487 F.3d at 980*; see also*, *State v. Bachman*, No. 2004CA00123, 2004 WL 2939083, at *1 (Ohio App. 5th Dist. Dec. 13, 2004).

was also classified as a sexual predator by the state trial court at a subsequent hearing in 2004,[6] which classification was upheld on appeal.[7]

In this petition, Bachman alleges that counsel during his 2004 appeal from the sexual predator classification was ineffective[8] and that Ohio's sexual predator statute[9] is unconstitutional.[10]  The State has filed a return of writ essentially claiming that sexual predator classifications in Ohio are outside the scope of federal habeas review and thus Bachman's petition should be dismissed.[11]  Bachman has filed a reply.[12]

Bachman has also filed a motion to amend this petition to include claims from his earlier, time-barred petition.[13]  The State has filed its response[14] opposing Bachman's motion to amend.  Bachman's motion was denied in a separate order.[15]

For the reasons that follow, I recommend that this petition be dismissed.

---

[6] *Bachman,* 487 F.3d at 980; *Bachman*, 2004 WL 2939083, at *1.

[7] *Id.*

[8] ECF # 1 at 9.

[9] Ohio Rev. Code § 2950.

[10] ECF # 1 at 15.

[11] ECF # 8.  The State has also supplemented its return of writ.  *See*, ECF # 10.

[12] ECF # 9.

[13] ECF #11.

[14] ECF # 12.

[15] ECF # 13.

## II.  Facts

The relevant facts here are simply put.  After having his first petition for habeas relief

dismissed as untimely in 2003,[16] Bachman filed the present petition in 2005 alleging two

grounds for relief arising out of the Ohio decision in 2004 to designate him a sexual predator:

1. Petitioner was denied the effective assistance of counsel as guaranteed
   by the Six [sic] and Fourteenth Amendments to the Constitution of the
   United States when appellate counsel failed to raise petitioner's most
   viable, significant and obvious issues on direct appeal.[17]

2. Ohio Revised Code § 2950.09 violates the Equal Protection Clause of
   the United States Constitution, and the procedural and substantive
   components of the Fourteenth Amendment's Due Process Clause as
   applied in the instant case.[18]

   Ohio Revised Code § 2950.09 violates the Equal Protection Clause of
   the Fourteenth Amendment to the United States Constitution, and the
   Sixth Amendment's jury trial guarantee.[19]

With respect to his first ground for relief, Bachman contends initially that his appellate

counsel was ineffective in the appeal from the sexual predator hearing in not raising the trial

court's purported improper alteration, *nunc pro tunc*, of Bachman's original sentence from

---

[16] This petition is not a "second or successive" petition requiring prior authorization
by the Sixth Circuit before filing because, although numerically second, it raises claims that
could not have been raised in the first petition.  *See*, *In re:Bowen*, 436 F.3d 699, 704 (6th Cir.
2006).

[17] ECF # 1 at 9.

[18] *Id*. at 13.

[19] *Id*. at 16.

what was orally pronounced to what was journalized.[20]  Bachman further argues that, during the sexual predator hearing, the trial court should not have denied him the opportunity to introduce evidence, allegedly developed after his conviction, that Bachman was not at risk of recidivism.[21]  In this regard, he maintains that his counsel was unprepared at the hearing to support the claim that Bachman was not a risk to re-offend[22] and further failed to raise the issue on appeal.[23]

As to the second asserted ground for federal habeas relief, Bachman initially concedes that he did not present Ohio courts with the argument that Ohio's sexual predator statute was unconstitutional because to have done so would have been an exercise in futility.[24]  He then maintains that, having established a sexual predator classification which pivots on a finding that a person is likely to commit future sexually oriented offenses, Ohio must conform with due process by permitting specific evidence of the likelihood of recidivism – not merely evidence of the original offense presented at trial – to be offered during the sexual predator hearing.[25]

---

[20] ECF # 4 at 12-16.

[21] *Id.* at 16-18.

[22] *Id.* at 18-19.

[23] *Id.* at 19.

[24] *Id.* at 22-24.

[25] *Id*. at 25-31.

In response, the State maintains that these claims involve Bachman's classification as a sexual predator and, as such, are non-cognizable by a federal habeas court since classification as a sexual predator does not satisfy the "in custody" requirement for the exercise of habeas jurisdiction.[26]  Moreover, the State argues a federal habeas proceeding "is not the appropriate forum" for Bachman's challenge to the constitutionality of Ohio's sexual predator statute.[27]  In the interest of comity, the State urges that a federal court not disturb Ohio statutory scheme before a state court has had an opportunity to pass on Bachman's objections.[28]

## III.  Analysis

This petition represents the latest in a long line of unsuccessful attempts by an Ohio prisoner subsequently adjudicated to be a sexual predator to use federal habeas corpus proceedings to challenge that classification.  In *Booker v. Anderson*,[29] this Court recently stated:

---

[26] ECF # 8 at 24-26.

[27] *Id.* at 26.

[28] *Id.*

[29] *Booker v. Anderson*, No. 1:06-CV-1080, 2007 WL 1731282 (N.D. Ohio, June 14, 2007).

District courts in Ohio, following the command of the Sixth Circuit, have repeatedly recognized that being adjudicated a sexual predator in Ohio is insufficient to satisfy the "in custody" requirement for habeas relief – most significantly, where the petitioner does not challenge the underlying conviction and sentence for committing a sexual offense.[30]

*Booker* thereupon noted a string of seven recent Ohio federal habeas petitions that were denied after asserting claims such as those made here by Bachman.[31]

In particular, *Booker* noted the case of *Noland v. Hurley*,[32] where the petitioner, as here, claimed that "he was denied due process rights and the right to present a defense when the trial court adjudicated him as a sexual predator."[33]  That petitioner, as does Bachman, argued that Ohio's sexual predator statute was unconstitutional.[34]  The Court, in adopting the Magistrate Judge's recommendation, found that because Ohio's sexual predator classification does not place constraints on movement, nor prohibit one found to be a sexual predator from engaging in any legal occupation, the classification is "remedial," not punitive, in effect and so a habeas petition grounded on purported errors in classifying a petitioner a sexual predator in Ohio is properly dismissed as beyond the jurisdiction of a federal habeas court.[35]

------

[30] *Id.*, at *6.

[31] *Id.*, n.8.

[32] *Noland v. Hurley*, No. 2:05-CV-682, 2006 WL 1580139 (S.D. Ohio March 21, 2006) (report and recommendation of Magistrate Judge); *adopted*, *Noland v. Hurley*, 2006 WL 1489705 (S.D. Ohio May 26, 2006).

[33] *Noland*, 2006 WL 1580139, at *4.

[34] *Id.*, at *5.

[35] *Id.*, at *11.

Similarly, the *Booker* Court concluded that a federal habeas petitioner who has been found to be a sexual predator in Ohio cannot avoid the bar to granting habeas relief for violations of state law "simply by dressing up his arguments" with "unsupported claim[s] of a Fourteenth Amendment due process violation."[36]  Asserting that due process rights were violated in the sexual predator classification hearing "is beyond the jurisdiction of a federal habeas court," and such a petition is properly dismissed.[37]

Notwithstanding Bachman's extensive presentation, his claim should fare no better. Pursuant to the mandate of federal law, a federal habeas court has no jurisdiction to entertain or grant a petition for relief unless the petitioner is in state "custody" pursuant to a judgment of a state court in violation of the Constitution or federal law or treaties.[38]  In addition, pursuant to the clear teaching of the Sixth Circuit in *Leslie v. Randle*,[39] classification as a sexual predator in Ohio does not result in the sexual predator being "in custody" for federal habeas purposes.[40]

Consequently, whatever merit may be present in Bachman's arguments, a federal habeas court is without authority to entertain them and so his petition should be dismissed.

---

[36] *Booker*, 2007 WL 1731282, at *6.

[37] *Id.*

[38] *Id.*, at *3, citing *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968).

[39] *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002).

[40] *Id.* at 521-23; *Goodballet v. Mack*, 266 F. Supp. 2d 702, 707-08 (N.D. Ohio 2003).

## IV.  Conclusion

I recommend that this petition be dismissed since his classification as a sexual predator in Ohio did not result in Bachman being "in custody" pursuant to a judgment of a state court.


Dated:   October 31, 2007                         s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).