**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RONALD BACHMAN,** ) | Case No. 5:05-CV-1735 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **OPINION AND ORDER** |
| **JULIUS WILSON,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (the "R&R") (**ECF No. 13**), to which *pro se* Petitioner Ronald Bachman filed Objections (ECF No. 15). Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody, filed by Bachman on July 7, 2005 (the "Petition") (**ECF No. 1**). Bachman's instant Petition alleges that he received ineffective assistance of counsel during his sexual offender classification hearing, and that Ohio's sexual predator statute, Ohio Revised Code § 2950, is unconstitutional.

For the following reasons, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** the R&R in its entirety, and **DISMISSES** the Petition.

## I. BACKGROUND

Petitioner Bachman returns to federal court with the instant Petition, having previously filed a petition for the writ of habeas corpus (the "July 10, 2000 petition") related to his July 14, 1995 Ohio state court conviction and consequential life sentence for crimes involving the repeated rape and molestation of his daughter over a twelve year period.[1] After the state appeals court affirmed the trial court's judgement, Bachman's state convictions and sentences became final on January 29, 1997 when the Ohio Supreme Court denied him leave to appeal.

Bachman subsequently filed the July 10, 2000 petition in federal district court, claiming three grounds of error. One of the three grounds (as found by the Sixth Circuit on appeal) was an ineffective assistance of appellate counsel claim, which was based on appellate counsel's failure to assert as error the admission into evidence of documents reflecting a social worker's opinion on the veracity of the accuser. *See Bachman v. Bagley*, 487 F.3d 979, 981, n.2 (6th Cir. 2007). On June 24, 2003, the undersigned dismissed Bachman's July 10, 2000 petition – without reaching the merits – as time-barred under the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). *Id.* at 981.

Then, on April 12, 2004, the state trial court that originally convicted and sentenced Bachman conducted an adversarial re-sentencing proceeding and classified Bachman as a sexual predator pursuant to Ohio's sex offender registration law, R.C. § 2950.09. *Bachman*, 487 F.3d at 980. The Ohio Court of Appeals upheld this designation on December 13, 2004. *Id.*

---

[1] For additional factual details of the underlying case, see *Bachman v. Bagley*, 487 F.3d 979, 980-81 (6th Cir. 2007).

After the sexual predator re-sentencing, Bachman filed a Rule 60(b) Motion for Relief from Judgement with the Court, seeking reconsideration of his July 10, 2000 habeas petition. (See ECF No. 15, Objections, 3.) He argued that the re-sentencing restarted the applicable statute of limitations period and therefore his July 10, 2000 petition was not time barred as the Court held. *Id.* The Court denied the motion. In January of 2005, Bachman sought and received from the Sixth Circuit a certificate of appealability from the denial of his Rule 60(b) motion on the issue of "whether the statute of limitations restarted anew when the State of Ohio annexed the result of the sexual predator classification proceeding to Bachman's sentence." *Bachman v. Bagley*, No. 05-3054 (6th Cir. May 4, 2006) (order granting certificate of appealability).

After receiving his certificate of appealability on the denial of the Rule 60(b) motion, but before making his case to the Sixth Circuit, Bachman filed the instant Petition, challenging his designation as a sexual predator. At the Sixth Circuit, Bachman again argued that his July 10, 2000 petition should not be time-barred because "his April 12, 2004 designation as a sexual predator pursuant to the Ohio sex offender registration law reopened his original judgment and sentence, and therefore . . . the one-year period began again following the sexual predator designation." *Bachman*, 487 F.3d at 982. After some detailed analysis of the *Linscott* rule and the accordant line of cases,[2] the Sixth Circuit rejected Bachman's argument and reasoning. The court explained that "Sixth Circuit precedent dictates . . . that courts determine

---

[2]In *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006), the Sixth Circuit held that "the one-year statute of limitations begins to run on a habeas petition that challenges a re-sentencing judgment on the date that the re-sentencing judgment becomes final, rather than the date that the original conviction became final." As the *Bachman* court further explained, "this holding expressly restricts itself to petitions that challenge the re-sentencing decision itself – that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock." *Bachman*, 487 F.3d at 982.

the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman*, 487 F.3d at 984 (emphasis added).  Bachman's July 10, 2000 petition obviously attacked his underlying convictions and sentences, not the sexual predator designation, so a new statute of limitations did not apply to the claims contained in the July 10, 2000 petition.  Accordingly, the Sixth Circuit, in an opinion issued on May 18, 2007, affirmed the Court's dismissal of Bachman's July 10, 2000 petition as time-barred.

Notwithstanding the clear language in the Sixth Circuit's opinion on his July 10, 2000 petition appeal, Bachman sought to amend the instant Petition on October 22, 2007 to add the ineffective assistance of appellate counsel claim contained (and previously adjudicated) in the July 10, 2000 petition.  (ECF No. 11, Mot. to Amend Pet.)  Bachman sought to amend his Petition "in light of the U.S. Supreme Court's recent opinion in *Burton v. Stewart*," --- U.S. ---, 127 S. Ct. 793 (2007) (per curiam).  (ECF No. 11-2, Mem. in Supp. of Mot. to Amend Pet., 1.)  Respondent filed a brief opposing the motion to amend.  (ECF No. 12.)  Magistrate Judge Baughman denied Bachman's motion to amend the Petition in an order issued the same day as the R&R, October 31, 2007.  (ECF No. 13.)  Magistrate Judge Baughman reasoned that Bachman's motion "improperly attempts to insert claims that were previously adjudged to be time-barred," and therefore the motion was denied.  (*Id.* at 1.)

Magistrate Judge Baughman's R&R recommends dismissing the instant Petition based on the absence of federal court jurisdiction to entertain or grant a habeas petition unless the petitioner is in state "custody" in violation of the Constitution, federal law, or treaties.  (ECF No. 14, at 7.)  This recommendation is based on Sixth Circuit precedent instructing that classification as a sexual predator pursuant to Ohio law does not result in the sexual predator

being "in custody" for purposes of federal habeas review. (*Id.* (citing *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002); *Goodballet v. Mack*, 266 F. Supp. 2d 702, 707-08 (N.D. Ohio 2003)).)

Bachman filed Objections to the R&R on November 13, 2007, advancing two primary arguments: (1) that Magistrate Judge Baughman incorrectly denied Bachman leave to amend his Petition; and (2) that Magistrate Judge Baughman incorrectly relied on *Leslie* to conclude that the Court has no jurisdiction over the Petition.

Respondent did not file any objections, nor did Respondent file any response to Bachman's Objections.

## II. LAW AND ANALYSIS

### A. Review Standard for a Report and Recommendation

The filing of timely objections requires the Court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667, 674 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review, in turn, requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the R&R should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

### B. Bachman's Objections Are Timely

As an initial matter, the Court finds that Bachman's Objections were timely filed. Title 28, section 636(b)(1) of the United States Code allows ten days from the date of service for the parties to file objections to an R&R. Here, the R&R was issued on October 31, 2007, and the

docket indicates that the Clerk of Court's office mailed Bachman a hard copy of the R&R the same day. According to the docket, Bachman filed his Objections on November 13, 2007. In finding that Bachman's Objections are timely, the Court applies the "prisoner's mailbox rule," which holds that a prisoner's pleading is considered "filed" when it is given to prison authorities. *See Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Here, the Court presumes that the date in Bachman's signed and sworn Certificate of Service – November 8, 2007 – is the date on which Bachman delivered his Objections to prison authorities, notwithstanding the date – November 13, 2007 – on which the Clerk of Court's office filed the Objections on the docket.

Accordingly, Bachman was well within the ten days provided for filing objections to the R&R, even without any appropriately modified calculations of the deadline pursuant to Federal Rules 6(a)(2), 6(d), and 5(d)(2)(C).[3]

## C. Bachman's Objections Are Overruled

Bachman's brief contains two specific Objections, both of which are rooted in a misreading of the Supreme Court's decision in *Burton v. Stewart*, --- U.S. ---, 127 S. Ct. 793 (2007) (per curiam). Therefore the Court starts the *de novo* review with an analysis of Bachman's understanding of *Burton* and what *Burton* means.

---

[3]Even if the Court used November 13, 2007 as the operative date of filing for Bachman's Objections, the Objections would still be considered timely pursuant to Federal Rules of Civil Procedure 6(a)(2), 6(d), and 5(b)(2)(C). These Rules operate together in Bachman's case to exclude Saturdays, Sundays, and Veterans' Day from the calculated time period, and yield a due date of November 20, 2007.

### 1. *Burton* Does Not Apply In This Case

#### a. Bachman's reading of *Burton*

Bachman argues that the Supreme Court's opinion in *Burton* stands for the proposition that if a prisoner files a habeas petition that is considered and adjudicated by the federal courts, and then the same prisoner is subsequently re-sentenced, the re-sentencing constitutes a new final judgment which, in turn, consequently re-triggers the statute of limitations for filing the same habeas claims anew. (See ECF No. 15, 5-8.) According to this theory, *Burton* would allow Bachman, via the instant Petition, to reopen an attack on his custodial sentence imposed on July 14, 1995 and finalized on January 29, 1997, notwithstanding this Court's denial of Bachman's July 10, 2000 petition (containing, *inter alia*, the ineffective assistance of appellate counsel claim) and the Sixth Circuit's affirmation thereof.

Bachman made essentially the same argument before the Sixth Circuit previously, when he argued that the sexual predator designation reopened his original judgment and sentence, and therefore "the sexual predator designation should restart the statute of limitations period with respect to *any* claim related to his conviction." *Bachman*, 487 F.3d at 983-84 (emphasis in original). Bachman now argues, based on the same reasoning, that his undisputedly timely Petition should be amended to include his ineffective assistance of appellate counsel claim previously found to be time-barred.

Moreover, Bachman contends that the attacks on his sexual predator designation also attack the underlying prison sentence, because the Supreme Court in *Burton* stated that "[f]inal judgment in a criminal case is the sentence. The sentence is the judgment." (ECF No. 15, 10 (quoting *Burton*, 127 S. Ct. at 798).) Bachman contends that *Leslie v. Randle* does not

apply here because the petitioner in *Leslie* was only attacking his sexual offender designation or classification pursuant to Ohio's sex offender laws, not the underlying conviction and prison sentence. Conversely, Bachman argues, his Petition attacks his custodial sentence and his sexual predator designation and, therefore, the Court has jurisdiction over his Petition. Again, however, this argument is predicated on Bachman's position that *Burton* allows him to bring claims in the instant Petition attacking his underlying conviction and custodial sentence, even those claims previously adjudicated in the July 10, 2000 petition.

### b. The Court's reading of *Burton*

Bachman misreads *Burton*'s holding. In that case, petitioner Burton was first convicted and sentenced in 1994, then re-sentenced in 1996, and again re-sentenced in 1998. *See Burton*, 127 S. Ct. at 794-95. The trial court entered an amended judgment with each re-sentencing. *Id.* Approximately nine months after his 1998 amended judgement and sentence, Burton filed a § 2254 petition, purporting to attack his 1994 convictions (though not his sentence). *Id.* at 795. Burton was also simultaneously appealing his 1996 (re-)sentence in the state courts. *Id.* The federal district court denied Burton's § 2254 petition in 1997, which the Ninth Circuit affirmed in 2001. *Id.*

After the state courts rejected Burton's sentencing challenge, Burton filed another § 2254 petition, in 2002. *Id.* at 796. This time Burton contested the 1998 judgment by challenging the constitutionality of his sentence in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* The district court again denied the petition, and the Ninth Circuit again affirmed on the merits, rejecting the state's contention that the district court lacked jurisdiction to hear the

petition because Burton had not obtained authorization to file a second or successive habeas petition. *Id.*

The Supreme Court, on the other hand, found Burton's later-filed § 2254 petition to be an unauthorized second or successive petition. *Id.* at 799. In so concluding, the Court found that the 1998 amended judgment was the judgment pursuant to which Burton was being detained, because each re-sentencing and amended judgment constituted the "final" judgment reaching back to his 1994 convictions. *Id.* at 798. Burton filed his 1998 habeas petition attacking his sentence <u>after</u> the last re-sentencing (i.e. there was no new judgment intervening between the 1998 and 2002 petitions), and therefore the Court found that the 1998 habeas petition and 2002 habeas petition both attacked the same final judgment. *Id.* Accordingly, the 2002 petition constituted an unauthorized second or successive petition over which the district court had no jurisdiction. *Id.* at 799. The Court consequently vacated the Ninth Circuit's holding, and remanded with instructions to dismiss the petition for lack of jurisdiction. *Id.*

The apparently vexing part of the *Burton* opinion for Bachman to understand is the Court's discussion of "final judgments" when a re-sentencing is in play. The Supreme Court emphasized that a re-sentence constitutes a new "final judgment" because the sentence is the judgment. *Burton*, 127 S. Ct. at 798-99 (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)). Therefore, as Magistrate Baughman explained, *Burton* stands for the proposition that "a habeas petitioner who files his *first* or *only* habeas petition after a re-sentencing may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, triggering the statute of limitations clock, until sentencing was completed." (ECF No. 13, 2 (emphasis in original (citing *Burton*, 127 S. Ct. at 798)).)

-9-

Bachman's understanding of *Burton* ignores a critical distinguishing element between the *Burton* case and his; Bachman previously filed a § 2254 petition that was adjudicated by the federal courts <u>before</u> his subsequent re-sentencing. Bachman – in the absence of his July 10, 2000 petition – arguably would have been able to file a timely § 2254 petition within one year of his sexual predator designation containing <u>all</u> his claims, including those reaching back to his original conviction and sentence.[4] That analysis is inapplicable here, however; the claims arising from Bachman's underlying conviction and prison sentence were already filed in the July 10, 2000 petition, and thus would constitute a second bite at the habeas apple if contained in the instant Petition. The sexual predator designation intervened between the July 10, 2000 petition and the instant Petition, and thus the re-sentencing constitutes a final judgment only as to the sexual predator designation part of Bachman's sentence. Indeed, the Sixth Circuit explained that "Bachman's designation as a sexual predator started the running of a new statute of limitations period with respect to challenges to the sexual predator designation *only* – not with respect to challenges to his underlying conviction, such as those raised in the [July 10, 2000] habeas petition." *Bachman*, 487 F.3d at 983 (emphasis included in original).

**2. Bachman's First Objection Is Overruled**

In Bachman's first Objection, he argues that Magistrate Judge Baughman erroneously denied the motion to amend the instant Petition because Federal Rule of Civil Procedure 15(a) instructs that a court should freely give leave to amend a complaint "when

---

[4]As Magistrate Judge Baughman explained, such a petition would raise jurisdictional issues in light of the Sixth Circuit's *Leslie* line of cases, discussed below.

justice so requires."[5] (ECF No. 15, 4.) According to Bachman, his Petition should be amended to include the previously adjudicated ineffective assistance of appellate counsel claim attacking his original conviction. Bachman concedes that he raised this issue in his "first habeas petition" (i.e. the July 10, 2000 petition). (*Id.*) He argues, however, that he can bring this claim again in light of the *Burton* opinion, as explained above. (See *id.*, 5-8.) Moreover, according to Bachman's position, his Petition must be considered a "first" petition even after amending the Petition with the claim previously dismissed. Bachman is mistaken for at least three reasons.

### a. Sixth Circuit precedent shows that *Burton* is inapplicable here

First, the Sixth Circuit has already implied that *Burton* does not apply to the instant case. The *Burton* opinion was issued on January 9, 2007. *See Burton*, 127 S. Ct. at 739. The Sixth Circuit's opinion affirming the dismissal of Bachman's previously argued claims was issued later, on May 18, 2007. *See Bachman*, 487 F.3d at 979. The Sixth Circuit knew that Bachman had filed the instant Petition after being re-sentenced. *See Bachman*, 487 F.3d at 980-81 ("[O]n July 7, 2005, he filed a subsequent petition for a writ of habeas corpus with the district court, challenging his designation as a sexual predator."). The *Bachman* court could have applied the same reading of *Burton* that Bachman now advances, but it did not. This fact undercuts Bachman's view that *Burton* applies here.

---

[5]The Court notes that the argument contained in Bachman's first Objection would have been more appropriately made in a motion for reconsideration to Magistrate Judge Baughman. Indeed, Bachman's first Objection does not actually object to the R&R itself, but to Magistrate Judge Baughman's order denying Bachman's motion to amend the Petition. However, the referral to Magistrate Judge Baughman has been terminated, and in the interests of judicial economy, the Court will address the substance of Bachman's argument in Objection No. 1.

### b. Bachman's proposed amended claim is time-barred

Second, the Court previously found Bachman's ineffective assistance of appellate counsel claim to be time-barred. The Sixth Circuit affirmed. In his motion to amend the Petition, Bachman makes essentially the same argument the Sixth Circuit explicitly rejected, albeit with a minor twist. Bachman argued previously that the sexual predator designation re-triggered the statute of limitations on *any* claim related to his conviction, and thus his July 10, 2000 petition was not time-barred. Here, he argues that the sexual predator designation re-triggered the statute of limitations for his ineffective assistance of appellate counsel claim, and consequently he can amend the claim to the instant (timely) Petition.

Regardless of whether the issue at hand is the timeliness of his July 10, 2000 petition or the ability to amend the instant Petition, the crux of Bachman's argument – that the sexual predator re-sentencing allowed him to bring a claim that would otherwise be time-barred – remains a faulty one. *Bachman*, 487 F.3d at 983 (the re-sentencing started a new statute of limitations only as to challenges to the sexual predator designation, not as to attacks on the underlying conviction and sentence already raised in the July 10, 2000 petition). It is undisputed that Bachman's claims regarding his sexual predator classification are timely. His proposed amended claim, however, is not, and Bachman may not rescue the time-barred claim by amending it to his timely Petition.

### c. The Court has no jurisdiction over the previously-adjudicated claim in Bachman's motion to amend

Third, and perhaps most importantly, denial of Bachman's motion to amend was proper because the Court has no jurisdiction over Bachman's ineffective assistance of appellate counsel claim, and therefore amending the Petition was futile. Magistrate Judge Baughman's

-12-

October 31, 2007 order, (ECF No. 13, 4-5), contains thorough, reasoned analysis of why Bachman's ineffective assistance of appellate counsel argument constitutes an unauthorized second or successive petition, a conclusion with which the Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires authorization from the appropriate circuit court of appeals before a district court may consider a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[t]he Supreme Court has recently made clear that this authorization is jurisdictional." *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007) (citing *Burton*, 127 S. Ct. 793 (district court lacks jurisdiction to review second habeas petition without prior authorization from court of appeals)).

Bachman argues that his amended Petition would constitute a "first" or "new" habeas petition in light of *Burton* and the sexual predator re-sentencing, even if a previous petition containing the same claims was previously filed and adjudicated. The claims in Bachman's (unamended) Petition, by his own admission, "challeng[e] only issues related to his re-sentencing," i.e. the sexual predator designation finalized on April 12, 2004. (ECF No. 11-2, 3.) Obviously Bachman could not have made these claims as part of his July 10, 2000 petition, and therefore the sexual predator claims constitute a first or new habeas petition, as Magistrate Judge Baughman correctly concluded. (ECF No. 14, 3 n.16.) Conversely, Bachman's July 10, 2000 petition contained the claim he now seeks to amend to his Petition. In short, Bachman impermissibly attempts to use the same claim twice to contest the same custody imposed by the same judgment of a state court. *See Burton*, 127 S. Ct. at 796.

Bachman has not received authorization from the Sixth Circuit for his re-asserted claim, and therefore the claim constitutes an unauthorized second or successive petition. Even if Magistrate Baughman had granted the motion pursuant to Federal Rule of Civil Procedure 15(a),

the Court would not have had jurisdiction over the amended portion of Bachman's Petition. Accordingly, Magistrate Judge Baughman correctly denied Bachman's motion to amend the Petition, and Bachman's first Objection is overruled.

### 3. Bachman's Second Objection is Overruled

Bachman's second Objection attacks Magistrate Judge Baughman's application of *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2006) to find that the Court has no jurisdiction to consider the instant Petition.  As with his first Objection, Bachman's argument rests upon a misreading of *Burton*.

Magistrate Judge Baughman correctly explained that federal law mandates that a person be in state "custody" before a federal habeas court might have jurisdiction.  (ECF No. 14, 7.)  The Sixth Circuit in *Leslie* determined that classification as a sexual predator in Ohio does not result in the offender being "in custody" for federal habeas purposes.  (*Id.*, citing *Leslie*, 296 F.3d 518.)  Therefore, unless the Petition contains a claim related to Bachman's original conviction or sentence for which he is clearly in state "custody," the Court has no jurisdiction to exercise over the Petition.

As explained previously, the Petition contains only claims arising out of the sexual predator designation; any claims attacking Bachman's conviction and custodial sentence were previously adjudicated and therefore are not part of the instant Petition.  Accordingly, the Petition does not attack any sentence for which Bachman is in state "custody," as required for federal habeas jurisdiction.  The Court is bound by *Leslie* and thus the Court has no jurisdiction over Bachman's Petition, as the R&R correctly explained.  The Court concurs with Magistrate Judge Baughman's analysis on the issue, and Bachman's second Objection is overruled.

### III.  CONCLUSION

Having **OVERRULED** both Objections, and considered the legal analysis contained in Magistrate Judge Baughman's thorough, reasoned, and well-written R&R, the Court hereby **ADOPTS** the Report and Recommendation **(ECF No. 13)** in full.  Bachman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody **(ECF No. 1)** is hereby **DISMISSED** for lack of federal court jurisdiction.

**IT IS SO ORDERED.**

                                             */s/Dan Aaron Polster     December 19, 2007*
                                             **Dan Aaron Polster**
                                             **United States District Judge**